▮ BARBARA L. UZZILLIA, Doing Business as BARBARA LUCILLE NURSING HOME, Petitioner, *v.* HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Commissioner of Social Services of the State of New York, dated December 29, 1972, which, after a hearing, refused to grant a waiver to petitioner of relevant provisions of the Life Safety Code of the National Fire Protection Association (21st ed., 1967) and to certify petitioner as a provider of skilled nursing home care under the State "Medicaid" program established under title 19 of the Federal Social Security Act (U. S. Code, tit. 42, § 1396a). Determination annulled, on the law, without costs, and matter remanded to the respondent Commissioner of Social Services for a new hearing and a new determination as quickly as possible. Although the subject nursing home is a multistory wood frame structure, petitioner adduced massive evidence that it has extensive fire protection facilities, including an automatic sprinkler system and a coded alarm to the nearby Fire Department, and that there are regular unannounced evacuation drills and inspections on the premises by both the local Fire Department and petitioner's own highly qualified fire protection consultant. Petitioner's experts deemed the premises safe. The hearing officer recommended issuance of a waiver on condition that petitioner correct two minor defects. However, the respondent State Commissioner of Health refused to adopt the hearing officer's report and the State Commissioner of Social Services then adopted the recommendation of the Health Commissioner not to issue a waiver and not to certify petitioner. The determination under review alludes to "inadequately enclosed stairwells and inadequate means of egress." In our opinion, on this record the conclusion just above quoted is and can only be based on the "No" answer elicited from petitioner's expert Winquist, as to whether "either one of the means of egress in this facility [is] as prescribed by the Life Safety Code." In context, however, this response was conclusory and unsupported by any substantial evidence except that of two minor correctible defects involving the outside metal stairway. In our view, the hearing did not truly or adequately focus on the interior stairway and all the parties should have an opportunity to squarely meet that issue, particularly in view of the strong case otherwise made out by petitioner (see *McKinney* v. *Lavine*, 42 A D 2d 572; cf. *Matter of Bacon* v. *Lavine*, 40 A D 2d 344, 346; see *Maxwell* v. *Wyman*, 458 F. 2d 1146). Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.